FILED
United States Court of Appeals
Tenth Circuit

September 29, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOHN MOORE,

        Plaintiff - Appellant,

  v.

DELTA COUNTY POLICE; THE
CITY OF DELTA,

        Defendants - Appellees.

_____

JOHN MOORE,

        Plaintiff - Appellant,

  v.

DELTA COUNTY HOSPITAL;
STEVE PADUA; SAM JAHANI,
M.D.; TOM MINGEN, Administrator;
THE BOARD OF DIRECTORS; BILL
HELLMAN; JOHN MUSSER; JOHN
BREITNAUER; THEIMA STARNER;
DORY FUNK; COPIC INSURANCE
COMPANY; DELTA COUNTY
POLICE DEPARTMENT,

        Defendants - Appellees.

No. 10-1315

(D. Colorado)

(D.C. No. 10-CV-01288-ZLW)

No. 10-1324

(D. Colorado)

(D.C. No. 10-CV-01342-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

(continued...)

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant John Moore, a citizen proceeding *pro se*, appeals the dismissals of two civil rights cases he brought against various individuals associated with the Delta County, Colorado, hospital and police, alleging liability for the death of his mother and for failing to investigate her death. We affirm.

## BACKGROUND

We begin by noting that Mr. Moore is a frequent filer in our court system. These two cases are two of sixteen civil actions Mr. Moore has initiated in the Colorado Federal District Court since February 2010, all concerning his mother's death. In two of these actions, the cases were dismissed because Mr. Moore failed to cure the designated deficiencies and failed to prosecute. Three were dismissed for failure to cure. Three were summarily remanded to Mr. Moore's

---

[*](...continued)

failed attempts, as a plaintiff, to remove them from state court. In two actions, Mr. Moore was unable to file a complaint that complies with the pleading requirements of Fed. R. Civ. P. 8. One action was dismissed for Mr. Moore's deceit in creating a fictitious court order, affixing a judge's signature to it, and tendering it to the district court. Mr. Moore voluntarily dismissed three actions, and then appealed from the voluntary dismissal of one of them. His remaining actions, including the two at issue in this appeal, have deficient complaints, as will be more fully explained below.

**DISCUSSION**

### I. Appeal No. 10-1324:

As indicated, this appeal, as apparently all of his actions do, involves the death of Mr. Moore's mother. There are few details provided. Mr. Moore lists as defendants a large number of people and entities.[1] His amended complaint states as follows:

> My mom past away in Dec. 28 2008 civil right was violated this is criminal negligence homicide and medical-male malpractice and civil rights issued.

---

[1]Mr. Moore lists as defendants in this case: the Delta County Hospital, Steve Padua, Sam Jahani, M.D., Tom Mingen, Administrator, The Board of Directors, Bill Hellman, John Musser, John Breitnauer, Theima Starner, Dory Funk, Copic Insurance Company, and the Delta County Police Department.

Amended Comp. at 1, R. Vol. 1 at 7 (grammar and spelling verbatim).  His July 12

and 14 one-page amendments to his amended complaint, which sues the Delta

County Police Department alone, are identical and state as follows:

> On Dec 28 2008 my mom past away I cald the police to do someing
> about it and thay told me there was nothing thay can do about it, Me
> and my dad saw my mom murder and this day thay well not look in to
> it

Amendments to Amended Comp. at 1, R. Vol.1 at 21-22 (grammar and spelling

verbatim).

In any event, Mr. Moore attempted to initiate this action by submitting to

the district court a *pro se* motion and affidavit for leave to proceed pursuant to 28

U.S.C. § 1915 along with an incomplete complaint.  The district court determined

that the submitted documents were deficient.  See D.C. Colo. Civ. R. 8.1.

Accordingly, on June 10, 2010, the court directed the court clerk to commence a

civil action and directed Mr. Moore to cure certain deficiencies in his pleadings if

he wished to pursue his claims.

More specifically, the district court directed Mr. Moore to file a complete

complaint with an original signature and also ordered Mr. Moore to show cause

why filing restrictions should not be imposed against him for his repetitive and

abusive filings.  Since the June 10 order, Mr. Moore submitted various documents,

including an amended complaint submitted on June 11 and what appear to be

amendments to the June 11 amended complaint, submitted on July 12.

Construing the complaint liberally because of Mr. Moore's *pro se* status, the court nonetheless dismissed the amended complaint, with its amendments, and imposed filing restrictions against Mr. Moore for his repetitive and abusive filings. The court dismissed the complaint because it failed: (1) to assert the basis for the court's jurisdiction; (2) provide a short and plain statement of Mr. Moore's claims; or (3) request any relief, and thus failed to comply with the pleading requirements of Fed. R. Civ. P. 8. The court further determined that giving Mr. Moore a chance to file yet another amended complain would be futile, as he had been given such an opportunity in at least two prior cases and was unable to comply. Accordingly, the court held that "the amended complaint and its amendments will be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with Fed. R. Civ. P. Rule 8." Order Dismissing Case at 3, R. Vol.1 at 25.

After observing that Mr. Moore is "unable to represent himself properly" even though the court made "repeated efforts to allow Mr. Moore to cure deficiencies and defects in his filings," the district court imposed sanctions on Mr. Moore, pursuant to Fed. R. Civ. P. 11(c). The court ruled as follows:

> The Court will prohibit Mr. Moore from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado unless he obtains permission to proceed *pro se*. In order to obtain permission to proceed *pro se*, Mr. Moore must take the following steps:
>
> 1. File with the Clerk of this Court a motion requesting leave to file a *pro se* action.

-5-

2.    Include in the motion requesting leave to file a *pro se* action the following information:

        A.    A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and

        B.    A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of Colorado. If so, he must cite the case number and docket number where the legal issues previously have been raised.

3.    Submit the proposed new pleading to be filed in the *pro se* action.

    The motion requesting leave to file a *pro se* action and the proposed new pleading shall be submitted to the Clerk of the Court, who shall forward them to the judicial officer designated by the Chief Judge pursuant to D.C. Colo. Civ. R. 8.1C for review. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

Order Dismissing Case at 8-9, R. Vol.1 at 30-31. The court then dismissed the action without prejudice. It denied all other pending motions as moot.

We agree completely with the district court's actions in this case. We accordingly affirm its dismissal for substantially the reasons stated by the district

court.  We deny Mr. Moore's motion before our court for leave to proceed on appeal *in forma pauperis.*

**II. Appeal No. 10-1315:**

This action was filed by Mr. Moore against only the Delta County Police Department and the City of Delta, and appears to allege substantially the same claims.  The district court reviewed Mr. Moore's ***pro se*** motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 and an incomplete complaint. Noting the complaint's deficiencies, the district court directed the clerk of court to commence a civil action and directed Mr. Moore to cure certain deficiencies in the case within thirty days if he wished to pursue his claims.  The deficiencies noted in the order included the fact that Mr. Moore only submitted page one of the court's six-page complaint form and the complaint was missing an original signature; and that the names in the caption to the § 1915 motion and affidavit did not match the names in the caption to the complaint.

The district court accordingly dismissed the complaint without prejudice for failure to cure.  The court denied Mr. Moore's motion for leave to proceed *in forma pauperis* as moot.

We again agree completely with the district court's disposition of this case. We accordingly affirm the dismissal for substantially the reasons stated in the

court's order.  We deny Mr. Moore's motion before our court for leave to proceed on appeal *in forma pauperis.*

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's orders in these two appeals.  We DENY Mr. Moore's requests for permission to proceed on appeal *in forma pauperis.*

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge